**UNITED STATES of America,
Plaintiff,**

v.

**Joseph P. GLIMCO and Lena Glimco,
Defendants.**

**No. 70 C 289.**

United States District Court,
N. D. Illinois, E. D.
Sept. 20, 1971.

William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff.

Edward J. Calihan, Jr., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

Defendant Lena Glimco moves that the complaint, in this action to reduce to judgment federal tax assessments outstanding against her and her husband, be dismissed as to her. For the reasons discussed below, the motion will be denied.

Pursuant to a decision of the United States Tax Court, an assessment was made against Joseph P. Glimco and the movant, Lena Glimco, for unpaid federal income taxes for the years 1954 through 1957, inclusive. The deficiency resulted from income of Joseph P. Glimco not reported on a joint tax return, and the movant was found jointly liable on the joint return.

Subsequent to the decision of the Tax Court, an amendment was made to the section of the Internal Revenue Code of 1954 which provides for joint and several liability of each spouse when a joint return is filed. The recently enacted subsection of section 6013 provides as follows:

"(e) Spouse relieved of liability in certain cases.—

(1) In general.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income."

The movant relies on this amendment in support of her motion to dismiss, alleging that the facts in this case meet the conditions outlined in the statute.

Since her liability is *res judicata* for the years in question, it would not normally be open to collateral attack. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); United States v. Utah Construction & Min. Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). *See also* Restatement, Judgments § 47 (1942). It must be determined whether the amendment to the statute constitutes a change in circumstances which would justify a relaxation of the rule providing for finality of judgments. Whether a statute makes the conclusive effect of a prior judgment inapplicable to a later suit depends on legislative intent. See 1B Moore, Federal Practice ¶ 0.415, at 2055 (2d ed. 1965 and cases cited therein). The legislative history of Section 6013(e) does not indicate that Congress intended the section to invalidate prior judgments. While the amendment applies to all taxable years to which the Internal Revenue Code of 1954 applies, the bill "does not open a year which has been closed by the statute of limitations, *res judicata,* or otherwise." (Committee Report on P.L. 91–679, House Ways and Means Committee, reported at 1971 C.C.H. Stand.Fed.Tax Rep., ¶ 5018.04.) Since

it seems clear that Congress did not intend to disturb the finality of Tax Court judgments in passing the bill, the assessments must stand.

It is therefore ordered that the motion to dismiss be, and it is hereby, denied.