UNITED STATES of America, Plaintiff,

v.

John DIOGUARDI and Ann Dioguardi, a/k/a Anne Dioguardi (nee Chrostek), Defendants.

UNITED STATES of America, Plaintiff,

v.

John DIOGUARDI, a/k/a Johnny Dio, et al., Defendants.

Nos. 19317, 61-C-11.

United States District Court, E. D. New York.

Oct. 26, 1972.

---

8. 451 F.2d at 296.

9. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287-288 n. 10, 58 S.Ct. 586, 82 L.Ed. 845.

Michael Dickman, Tax Div., Dept. of Justice, Washington, D. C., for the United States.

Philip Gelfand, New York City, for defendant Ann Dioguardi.

ZAVATT, District Judge.

### MEMORANDUM

The defendant, Ann Dioguardi, moves for an order cancelling and vacating a stipulation as to the amount of income tax liability, dated May 1, 1969, and vacating and setting aside as to her the judgment entered thereon, dated May 5, 1969.

These two cases—Civil Numbers 19317 and 61–C–11, instituted December 31, 1959 and January 5, 1961, respectively—were consolidated for all purposes by a pre-trial order of Judge Bartels, dated and filed April 24, 1968. In and by these actions, the United States sought to obtain judgments for unpaid taxes assessed against Ann and John Dioguardi, husband and wife, and to enforce federal tax liens on certain real property owned by Ann Dioguardi.

Several cases involving tax deficiencies of both defendants were before the Tax Court under Docket Numbers 49287, 57483, 92407 and 2144–62. Tax Court decisions, assessing deficiencies against both defendants, were rendered on January 12 and January 14, 1966. They became final when no appeals were taken. 26 U.S.C. §§ 7481, 7483.

An amended complaint in both actions was filed on April 24, 1968. On May 1, 1969, a stipulation was entered into between the United States and both defendants, jointly and severally, establishing the amounts due to the plaintiff for

income tax liabilities. Pursuant to that stipulation, I signed an order on May 5, 1969 granting judgment in favor of the plaintiff and against both defendants, jointly and severally, for unpaid income taxes for the calendar tax years 1948, 1949, 1950, 1951, 1952, 1953, 1955 and 1956 in the amount of $72,469.21 (including interest and penalties), and granting judgment in favor of the plaintiff and against the defendant John Dioguardi for unpaid taxes for the calendar tax year 1954 in the amount of $8,843.69 (including interest and penalties); ordering that lots 42 and 43 in block 17, section 61, known as 109 Freeport Avenue, Point Lookout, Nassau County, New York be sold at public auction. Judgment of foreclosure and sale was signed and entered thereon on April 21, 1970.

Because the property described in both the amended complaint and the judgment of foreclosure and sale omitted a portion of the property owned by Ann Dioguardi, that property was not sold at public auction pursuant to said judgment of foreclosure and sale. On October 18, 1971, pursuant to an order dated September 9, 1971, a second amended complaint was filed correcting this omission. To date, no amended judgment of foreclosure and sale has been entered.

The defendant, Ann Dioguardi, contends that, pursuant to 26 U.S.C. § 6013(e), she is entitled to an order vacating the stipulation dated May 1, 1969 and the judgment entered thereon, dated May 5, 1969. 26 U.S.C. § 6013(e) became effective January 12, 1971 and provides in part, as follows:

"(e) Spouse relieved of liability in certain cases.—

(1) In general.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income."

■ The legislative history of this section indicates that it was designed to bring government tax collection practices into accord with basic principles of equity and fairness. 1970 U.S.Code Cong. & Admin.News at p. 6089. The section is applicable to an omission for any reason and is not limited to theft or embezzlement. It applies to all taxable years encompassed by the Internal Revenue Codes of 1939 and 1954, but it "does not open a year which has been closed by the statute of limitations, res judicata, or otherwise." Id. at 6093.

■ The judgment, dated May 5, 1969, became final when no appeals were taken and, thus, cannot be affected by the subsequent enactment of 26 U.S.C. § 6013(e). The order entered upon the decisions of the Tax Court and the judgment of this Court are res judicata. Congress did not intend to disturb final judgments. Sylk v. United States, 331 F.Supp. 661 (E.D.Pa.1971); United States v. Glimco, 331 F.Supp. 449 (N.D. Ill.1971); United States v. Maxwell, 330 F.Supp. 1253 (N.D.Tex.1971). In Sylk v. United States, *supra*, the tax assessment jointly rendered against the tax-

**1180**

payer and his spouse was entered into by a stipulation.

The motion of Ann Dioguardi to vacate the stipulation dated May 1, 1969 and the judgment entered thereon, dated May 5, 1969 is denied.

This is an order.